UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALLAS DEWEESE HACKWORTH, Jr.,

      Petitioner,

v.                                                          Case No. 09-11558

THOMAS BELL,

      Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING; (2) GRANTING RESPONDENT'S MOTION TO DISMISS; (3) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND (4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

      Dallas Deweese Hackworth, Jr., ("Petitioner"), presently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his conviction for second-degree criminal sexual conduct.[1] Petitioner also filed a motion for equitable tolling of the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Respondent has filed a motion to dismiss, on the ground that the current petition was not timely filed in compliance with the statute of limitations. For the reasons stated below, the court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

**I. BACKGROUND**

      Petitioner pleaded guilty to the above offense in the Jackson County Circuit

---

[1] Mich. Comp. Laws § 750.520c(1)(a); Mich. Stat. Ann. 28.28.788(3)(1).

Court on April 23, 1999, as part of a plea bargain with the Jackson County Prosecutor. On May 27, 1999, Petitioner was sentenced to three years probation, with ninety days on tether.

On July 1, 1999, Petitioner pleaded guilty to violating the terms of his probation, but was continued by the court on probation.

On July 6, 2000, Petitioner pleaded guilty a second time to violating his probation. The trial court judge continued Petitioner on probation but sentenced him to sixty days in the county jail.

On April 17, 2001, Petitioner pleaded guilty to violating probation a third time. On April 19, 2001, Petitioner's probation was revoked and he was sentenced to two to fifteen years in prison.

Petitioner did not file a direct appeal from his conviction and sentence. However, on August 23, 2004, Petitioner filed an "ex parte motion [for] correction and appeal of sentence." The motion was denied. *People v. Hackworth,* No. 99-092412-FH (Jackson County Cir. Ct. August 30, 2004).

On October 13, 2004, Petitioner filed a motion for relief from judgment pursuant to M.C.R. 6.500, which was denied by the trial court. *People v. Hackworth,* No. 99-092412-FH (Jackson County Cir. Ct. October 27, 2004). On May 17, 2006, the Michigan Court of Appeals denied Petitioner leave to appeal. *People v. Hackworth,* No. 266063 (Michigan Court of Appeals, May 17, 2006). The Michigan Supreme Court denied Petitioner's post-conviction appeal on June 23, 2008. *People v. Hackworth*, 750 N.W.2d 176 (Mich. 2008). Petitioner indicates that his petition was placed in the prison

mailing system on January 28, 2009.[2]

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *See Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich 2002).

The Court must initially determine when Petitioner's conviction became "final" to

---

[2] Under the prison mailbox rule, the court will assume that Petitioner actually filed his habeas petition on January 28, 2009, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n.1 (E.D. Mich. 2001).

determine when the limitations period began running. For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter*, 35 F. App'x. 111, 114 (6th Cir. 2002).

In 1994, the Michigan constitution was amended by voter initiative and now provides that criminal defendants who have pleaded guilty to a crime can appeal only by leave of court. *See* Mich. Const. art. 1, § 20 (1994). Thus, because Petitioner pleaded guilty, he could not appeal his conviction by right, but only by leave of the Michigan Court of Appeals pursuant to M.C.R. 7.205. *See Halbert v. Michigan,* 125 S. Ct. 2582, 2588 (2005). Under M.C.R. 7.205(F)(3), Petitioner had twelve months after his sentence to file a delayed application for leave to appeal. Because the underlying conviction was based on a guilty plea, any appeal from the subsequent revocation of his probation was likewise appealable only by leave and not by right. *See People v. Perks*, 672 N.W. 2d 902, 907 (Mich. Ct. App. 2003).

Petitioner never appealed either from his original sentence of probation on May 27, 1999; the sentence that he received on his second violation of probation on July 6, 2000; or the prison sentence that he received on April 19, 2001, for the revocation of his probation. Each of these judgments would become finalized, for the purposes of § 2244(d)(1)(A), one year after the sentencing on each of the judgments, when the time limit for filing a direct appeal in the Michigan Court of Appeals expired pursuant to M.C.R. 7.205(F)(3). *See Jagodka v. Lafler*, 148 F. App'x. 345, 346 (6th Cir. 2005). Even giving Petitioner the benefit of the doubt, the one year time limit for challenging

Petitioner's conviction expired at the latest on April 19, 2002, one year after Petitioner's probation was revoked on April 19, 2001.

Petitioner filed his motion to correct his sentence on August 23, 2004. The court must therefore resolve whether Petitioner's motion to correct his sentence would be considered part of the direct review process or the collateral review process, for determining when the one year statute of limitations commenced pursuant to 28 U.S.C. § 2244(d)(1)(A). The Sixth Circuit, in the context of determining the applicability of the United States Supreme Court's holding in *Sandstrom v. Montana*,[3] has noted that "[t]he Michigan courts have generally adopted the view that long-delayed appeals are not regarded as part of a defendant's direct appeal." *Wheeler v. Jones*, 226 F.3d 656, 659 (6th Cir. 2000) (*citing to People v. Ward*, 594 N.W.2d 47, 52 (Mich. 1999)). In this case, Petitioner's motion to correct his sentence should be considered a collateral attack on his conviction, because it was filed some three years, four months after his sentencing. *See Ward,* 594 N.W. 2d at 51-52 (defendant's motion to vacate his guilty plea, which was filed more than fourteen months after conviction, should have been considered a collateral attack on his conviction); *See also O'Quinn v. Lafler*, No. 2008 WL 3050401, *2 (E.D. Mich. July 28, 2008) (petitioner's motion for a new trial considered a collateral attack on his conviction, because it was filed over three years after his sentencing).

Petitioner did not file an appeal from the denial of this motion, but instead filed a post-conviction motion for relief from judgment on October 13, 2004. After the trial court and the Michigan Court of Appeals denied Petitioner's post-conviction applications, collateral review of Petitioner's case ended in the state courts on June 23, 2008, when

---

[3] 442 U.S. 510 (1979).

the Michigan Supreme Court denied Petitioner leave to appeal.

Petitioner filed his first post-conviction motion with the state courts on August 23, 2004, and his second post-conviction motion on October 13, 2004, after the one year limitations period had expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. See *Hargrove v. Brigano*, 300 F.3d 717, 718, n.1 (6th Cir. 2002); see also *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).[4] Moreover, Petitioner did not have one year following the denial of his post-conviction motion to file his petition with this Court, as he suggests in his habeas petition,[5] because the one year limitations period under the AEDPA begins to run at the conclusion of the direct review of a habeas petitioner's conviction, and not on the date which a habeas petitioner has exhausted all of his state post-conviction remedies. See *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004). To be entitled to equitable tolling, a habeas petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

---

[4] Petitioner's motion for production of transcripts, filed on May 30, 2003, would not qualify as an application for post-conviction or collateral review so as to toll the limitations period pursuant to 28 U.S.C.§ 2244(d)(2). See *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003); *Lancaster v. Alameida*, 51 F. App'x. 765, 766 (9th Cir. 2002). Moreover, even if a motion to produce transcripts could potentially toll the limitations period under § 2244(d)(2), Petitioner's motion to produce the transcripts was filed after the one year limitations period had expired on April 19, 2002.

[5] See Affidavit of Dallas Deweese Hackworth, Jr., p. 8, attached to the Motion for Equitable Tolling.

way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2006)).

In the Sixth Circuit, five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

(1) the petitioner's lack of notice of the filing requirement;

(2) the petitioner's lack of constructive knowledge of the filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudice to the respondent; and,

(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly," *Dunlap*, 250 F.3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F.3d at 642.

In his motion for equitable tolling, Petitioner initially contends that the limitations period should be equitably tolled because he was never advised by the trial court or his counsel at the time that he was sentenced to prison on April 19, 2001 that he had a right to appeal his sentence. Petitioner's argument is without merit. Respondent has attached to his motion to dismiss a "Notice By Court to Defendant as to Right to Appeal and Appointment of a Lawyer on Appeal", which advised Petitioner of his right to the appointment of appellate counsel if Petitioner desired to appeal. The form is dated April

19, 2001 and was signed by Petitioner.  It therefore appears that Petitioner was advised of his appellate rights.  In any event, the alleged actions of a state trial court in failing to give a habeas petitioner notice of his appeal rights at sentencing or failing to appoint counsel to perfect a belated appeal are not extraordinary circumstances that would justify tolling the limitations period.  *See Miller v. Cason*, 49 F. App'x. 495, 497 (6th Cir. 2002).

Petitioner next contends that he is entitled to equitable tolling because he is "mentally impaired" and uneducated, and was unable to find legal assistance.  Although Petitioner does not elaborate his mental impairment in his motion for equitable tolling, in his application to appeal the denial of his post-conviction motion to the Michigan Court of Appeals, Petitioner identified his mental impairment as being that he was functionally illiterate, had a limited understanding of the English language, and had the "learning disability of that of a third grader." [6]

An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  Moreover, because Petitioner was able to seek both state and federal post-conviction relief while suffering from these alleged mental impairments, he has failed to show a causal connection between his mental impairments and his ability to timely file a habeas petition, so as to justify the equitable tolling of the limitations period.  *See Bilbrey v. Douglas,* 124 F. App'x. 971, 973 (6th Cir. 2005).

Likewise, a claim that a habeas petitioner did not have professional legal

---

[6] *See* Application for Leave to Appeal, at 7 & n.3, Petitioner's Attachment F.

assistance is not an extraordinary circumstance which would toll the statute of limitations. *Wilson,* 192 F. Supp. 2d at 766 (internal citations omitted).

Petitioner next claims that he is entitled to equitable tolling because he did not understand the filing deadlines for filing his habeas petition or the methods for executing his post-conviction proceedings.

To the extent that Petitioner is claiming that he did not understand the available state post-conviction remedies for challenging his conviction, he would not be entitled to equitable tolling. In another context, the Eleventh Circuit has held that a petitioner's ignorance of available state post-conviction remedies cannot excuse a procedural default. *See Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993). Likewise, the Sixth Circuit has held that a federal criminal defendant's ignorance about filing a § 2255 motion to vacate sentence did not toll the one year limitations period under the AEDPA. *See Reed v. United States*, 13 F. App'x. 311, 313 (6th Cir. 2001).

Moreover, equitable tolling of the AEDPA's one-year limitations period is not warranted on the basis of Petitioner's alleged lack of actual or constructive knowledge of the filing requirement, because case law and the clear statutory provisions of the AEDPA regarding the statute of limitations afforded Petitioner constructive knowledge of the filing deadline. *See Allen,* 366 F.3d at 402-03. In addition, even if Petitioner lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling. *Id.* To the extent that Petitioner appears to have believed that he had one year from the conclusion of his post-conviction proceedings in the state courts to timely file his petition with the federal court, he would not be entitled to equitable tolling on this basis. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D.

Mich. 2004). "[A] habeas petitioner's ignorance as to the proper calculation of the limitations period for filing a federal habeas petition does not warrant equitable tolling." *Id.* (citing *Pearson v. North Carolina*, 130 F. Supp. 2d 742, 744 (W.D.N.C. 2001)). Any miscalculation by Petitioner "[o]f the plain language contained in § 2244(d)(2) would not constitute an extraordinary circumstance sufficient to warrant equitable tolling of the statute of limitations." *Id. a*t 861.

A final question is whether the period of limitations should be equitably tolled for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is inapplicable, in light of the fact that Petitioner pleaded guilty to the charge that he challenges in this petition. *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner has failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his guilty plea. *See Connolly v. Howes* 304 F. App'x. 412, 419 (6th Cir. 2008).

### III. THE CERTIFICATE OF APPEALABILITY

The Court will also decline to issue a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The court will decline to issue Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Petitioner's "Motion Equitable Tolling to Allow Petitioner's Pro Se Petition for Writ of Habeas Corpus to Proceed Timely" [Dkt. # 2] is DENIED.

IT IS FURTHER ORDERED that Respondent's "Motion to Dismiss" [Dkt. # 9] is GRANTED.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus [Dkt. # 1]

is DENIED.

Additionally, the court DECLINES to issue a certificate of appealability.

      S/Robert H. Cleland             
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 6, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 6, 2010, by electronic and/or ordinary mail.

      S/Lisa G. Wagner              
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\09-11558.Hackworth.Deny.2254.COA.dhb.wpd